# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE MITCHELL**<br>933 E. McPerson Street<br>Philadelphia, PA 19150<br><br>*Plaintiff,*<br><br>v.<br><br>**PEOPLE FOR PEOPLE CHARTER SCHOOL, INC.**<br>800 N. Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>**HERBERT H. LUSK, II**<br>c/o People for People Charter School, Inc.<br>800 N. Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>**ROBERT STRAIN**<br>c/o People for People Charter School, Inc.<br>800 N. Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>**LINDA CHANDLER**<br>c/o People for People Charter School, Inc.<br>800 N. Broad Street<br>Philadelphia, PA 19130<br><br>and<br><br>**REGINALD LONG**<br>c/o People for People Charter School, Inc.<br>800 N. Broad Street<br>Philadelphia, PA 19130<br><br>and | **CIVIL ACTION NO.**<br><br><br><br><br><br>**CIVIL COMPLAINT WITH JURY DEMAND** |

**DEBORAH WARE**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

and

**KEITH BLACKWELL**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

and

**PRI SEEBADRI**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

and

**CAROL NATHANIEL**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

and

**ANDRE C. WILLIAMS**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

and

**FRANK L. ROBINSON**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130
and

**MACARTHUR VICKERS**
c/o People for People Charter School, Inc.
800 N. Broad Street
Philadelphia, PA 19130

| | : |
|---|---|
| and | : |
| | : |
| **SIDNEY FLORENCE** | : |
| c/o People for People Charter School, Inc. | : |
| 800 N. Broad Street | : |
| Philadelphia, PA 19130 | : |
| | : |
| *Defendants.* | : |

## CIVIL COMPLAINT

Plaintiff, Wayne Mitchell ("Plaintiff"), by and through his undersigned counsel, hereby brings this action against Defendants, People for People Charter School, Inc., Herbert H. Lusk, II, Robert Strain, Linda Chandler, Reginald Long, Deborah Ware, Keith Blackwell, Pri Seebadri, Carol Nathaniel, Andre C. Williams, Frank L. Robinson, Macarthur Vickers, and Sidney Florence (collectively, "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 330.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"). Additionally, Plaintiff asserts claims for breach of contract and unjust enrichment.

## PARTIES

1. Plaintiff is an adult individual and citizen of Pennsylvania.

2. At all relevant times, Plaintiff was a "non-exempt employee" within the meaning of the FLSA and PMWA.

3. At all relevant times, Plaintiff was an "employee" within the meaning of the PWPCL.

4. People for People Charter School, Inc. ("Defendant PFPCS"), is a corporation or other legal entity organized, existing and operating under the laws of Pennsylvania and a citizen

of Pennsylvania that maintains a principal place of business at 800 N. Broad Street, Philadelphia, Pennsylvania 19130.

5. At all relevant times, Defendant PFPCS was an "employer" and covered entity within the meaning of the FLSA, PMWA, and PWPCL.

6. Herbert H. Lusk, II ("Defendant Lusk"), is an adult individual and citizen of Pennsylvania.

7. At all relevant times, Defendant Lusk was Defendant PFPCS's CEO and Chairman of its Board of Trustees.

8. At all relevant times, Defendant Lusk was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

9. Robert Strain ("Defendant Strain") is an adult individual and citizen of Pennsylvania.

10. At all relevant times, Defendant Strain was the Vice Chairman of Defendant PFPCS's Board of Trustees.

11. At all relevant times, Defendant Strain was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

12. Linda Chandler ("Defendant Chandler") is an adult individual and citizen of Pennsylvania.

13. At all relevant times, Defendant Chandler was Defendant PFPCS's Secretary and a member of its Board of Trustees.

14. At all relevant times, Defendant Chandler was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

15. Reginald Long ("Defendant Long") is an adult individual and citizen of Pennsylvania.

16. At all relevant times, Defendant Long was a member of Defendant PFPCS's Board of Trustees.

17. At all relevant times, Defendant Long was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

18. Deborah Ware ("Defendant Ware") is an adult individual and citizen of Pennsylvania.

19. At all relevant times, Defendant Ware was a member of Defendant PFPCS's Board of Trustees.

20. At all relevant times, Defendant Ware was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

21. Keith Blackwell ("Defendant Blackwell") is an adult individual and citizen of Pennsylvania.

22. At all relevant times, Defendant Blackwell was a member of Defendant PFPCS's Board of Trustees.

23. At all relevant times, Defendant Blackwell was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

24. Pri Seebadri ("Defendant Seebadri") is an adult individual and citizen of Pennsylvania.

25. At all relevant times, Defendant Seebadri was Defendant PFPCS's Principal.

26. At all relevant times, Defendant Seebadri was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

27. Carol Nathaniel ("Defendant Nathaniel") is an adult individual and citizen of Pennsylvania.

28. At all relevant times, Defendant Nathaniel was Defendant PFPCS's Business Manager.

29. At all relevant times, Defendant Nathaniel was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

30. Andre C. Williams ("Defendant Williams") is an adult individual and citizen of Pennsylvania.

31. At all relevant times, Defendant Williams was Defendant PFPCS's Director of Operations.

32. At all relevant times, Defendant Williams was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

33. Frank L. Robinson ("Defendant Robinson") is an adult individual and citizen of Pennsylvania.

34. At all relevant times, Defendant Robinson was Defendant PFPCS's Director of Entrepreneurship.

35. At all relevant times, Defendant Robinson was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

36. Macaurthor Vickers ("Defendant Vickers") is an adult individual and citizen of Pennsylvania.

37. At all relevant times, Defendant Vickers was Defendant PFPCF's Director of Transportation and Security and Plaintiff's supervisor.

38. At all relevant times, Defendant Vickers was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

39. Sidney Florence ("Defendant Florence") is an adult individual and citizen of Pennsylvania.

40. At all relevant times, Defendant Florence was Defendant PFPCS's Operations Manager and Plaintiff's supervisor.

41. At all relevant times, Defendant Florence was an "employer" within the meaning of the FLSA, PMWA and PWPCL, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation.

42. At all relevant times, all Defendants directly or indirectly, directed, aided, abetted, and/or assisted with the creation and/or execution of policies or practices of Defendant PFPCS, which resulted in the failure to pay Plaintiff proper compensation.

43. At all relevant times, the Defendants had control over approving the payment of compensation and/or processing payroll relative to Plaintiff.

44. At all relevant times, Defendant PFPCS acted by and through the individual Defendants and its other agents, servants, and employees, each of whom acted at all times relevant in the course and scope of their employment with and for Defendant PFPCS.

## JURISDICTION AND VENUE

45. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 210 *et seq.*, U.S.C. § 216, and 28 U.S.C. § 1331.

46. The Court has supplement jurisdiction over Plaintiff's claims arising under the PMWA, PWPCL, and Pennsylvania common law pursuant to 28 U.S.C. § 1367(a).

47. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (b)(2) in that Defendants reside in this district and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

### *Plaintiff's Employment with Defendant PFPCS*

48. Plaintiff began working for Defendant PFPCS on or around March 30, 2014, and his last day of employment was on or around February 26, 2017.

49. During the course of Plaintiff's employment with Defendant PFPCS, he worked as a janitor in Defendant PFPCS's maintenance department.

50. At all relevant times, while a janitor at Defendant PFPCS, Plaintiff was neither a supervisor by title nor did Plaintiff possess any managerial or supervisory responsibility, such as control over scheduling, hiring or firing authority.

51. Between March 20, 2014, and May 9, 2015, Plaintiff was paid $13.00 per hour and compensated for any hours worked in excess of his regular forty-hour workweek at the appropriate rate of one and one-half times his then hourly rate.

52. On or around May 10, 2015, without any change in Plaintiff's title, responsibilities, or duties, Defendant PFPCS designated Plaintiff as an overtime-exempt salaried employee.

53. Between May 10, 2015 and November 7, 2015, although Plaintiff typically and regularly worked in excess of his regular forty-hour workweek during each of those weeks, Plaintiff was never compensated for any overtime worked.

54. On or around December 6, 2015, without any change in Plaintiff's title, responsibilities or duties, Defendant PFPCS redesignated Plaintiff as an hourly employee at a rate of $18.65 per hour.

55. Consistent with the overtime requirements of his position, between December 6, 2015 and February 26, 2017, Plaintiff continued to typically and regularly work in excess of his regular forty-hour workweek, but Defendant again failed to compensate him for any hours of overtime worked at the appropriate rate of one and one-half times his then hourly rate.

### *Plaintiff's Complaints of Unpaid Overtime to Various Supervisors and Officers of Defendant PFPCS*

56. Beginning in or around January of 2016, Plaintiff complained to Defendant PFPCS's officers and his supervisors, Defendant Seebadri, Defendant Robinson, Defendant Williams, Defendant Vickers and Defendant Florence, individually and collectively, regarding Plaintiff's lack of compensation for his hours of overtime worked—to which they each responded

that Defendants would look into the issue and investigate his claims of unpaid overtime compensation (the "Investigation").

57. Between January of 2016 and June of 2016, to no avail, Plaintiff continued making inquiries into the progress of the Investigation.

58. As a result of the inaction of Defendants and the continued failure to compensate Plaintiff for any of his hours of overtime worked, in or around June of 2016, Plaintiff complained of same to Defendant Nathaniel and Defendant Lusk.

59. After Plaintiff's initial meeting with Defendant Nathaniel and Defendant Lusk, Plaintiff was assured that he would be properly compensated for his unpaid overtime.

60. Upon information and belief, Plaintiff's complaints of unpaid overtime were submitted to Defendant PFPCS's Board of Trustees, which consisted of Defendant Lusk, Defendant Strain, Defendant Chandler, Defendant Long, Defendant Ware, and Defendant Blackwell.

### *Defendants' Failure to Pay Proper Overtime Compensation to Plaintiff*

61. Between May 10, 2015 and February 26, 2017, Plaintiff typically and regularly worked more than forty-hours per workweek at the request and benefit of Defendants.

62. Despite actual knowledge of the hours worked by Plaintiff, and possession of all relevant time records, Defendants willfully failed to pay or approve proper overtime compensation as a matter of policy, and thus recklessly disregarded the fact that their conduct was unlawful.

63. Defendants led Plaintiff to believe that he was ineligible for overtime compensation between May of 2015 and December 6, 2015.

64. Upon information and belief, to avoid compensating Plaintiff for his overtime work, Defendant PFPCS misclassified him as an overtime-exempt employee, and thus under compensated Plaintiff between May 10, 2015 and the date of his separation.

65. Defendants' mandatory requirement that Plaintiff continue working overtime without receiving any compensation for same forced Plaintiff's resignation.

## COUNT I
### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA
### PLAINTIFF v. ALL DEFENDANTS

66. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

67. Plaintiff was a non-exempt employee of Defendants who typically and regularly worked more than his ordinary forty-hour workweek schedule.

68. Defendants willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

69. Defendants knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the FLSA, and thus Defendants acted voluntary, deliberately and with reckless disregard to Plaintiff's rights under the FLSA.

70. Defendants did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendants have reasonable grounds to believe that their failure to pay Plaintiff proper overtime was in compliance with the FLSA.

71. As a result of Defendants' violations of the FLSA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

72. As a further result of Defendants' violations of the FLSA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, liquidated damages, punitive damages, attorney's fees, court costs, and prejudgment interest.

## COUNT II
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE PMWA
## PLAINTIFF v. ALL DEFENDANTS

73. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

74. At all relevant times, Plaintiff was a non-exempt employee of Defendants who typically and regularly worked more than his ordinary forty-hour workweek schedule.

75. Defendants willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

76. Defendants knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the PMWA, and thus Defendant acted voluntary, deliberately and with reckless disregard to Plaintiff's rights under the PMWA.

77. Defendants did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendants have reasonable grounds to believe that their failure to pay Plaintiff proper overtime was in compliance with the PMWA.

78. As a result of Defendants' violations of the PMWA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

79. As a further result of Defendants' violations of the PMWA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, liquidated damages, punitive damages, attorney's fees, court costs, and prejudgment interest.

## COUNT III
## FAILURE TO PAY WAGES (OVERTIME COMPENSATION) IN VIOLATION OF THE PWPCL
### PLAINTIFF v. DEFENDANT PFPCS

80. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

81. Plaintiff had an express written or oral at-will employment contract with Defendant PFPCS to compensate him "overtime pay in accordance with the requirements of the Fair Labor Standards Act [and] state laws."

82. Additionally, after Plaintiff complained of unpaid overtime compensation, Defendant PFPCS orally reaffirmed, through its authorized agents, its promise to compensate Plaintiff for any overtime compensation that he was legally entitled to.

83. Although Plaintiff worked overtime on a regular basis, Defendant PFPCS failed in its obligations and promises to properly compensate him for any overtime work at the legal rate of pay.

84. As a result of Defendants' violations of the PWPCL, Plaintiff has suffered and will suffer those damages and losses set forth herein.

85. As a further result of Defendants' violations of the PWPCL, Plaintiff is entitled to receive the amount of overtime compensation he is due, liquidated damages, attorney's fees, court costs, and prejudgment interest.

## COUNT IV
## BREACH OF CONTRACT
### PLAINTIFF v. DEFENDANT PFPCS

86. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

87. Plaintiff had an express written or oral at-will employment contract with Defendant PFPCS to compensate him "overtime pay in accordance with the requirements of the Fair Labor Standards Act [and] state laws."

88. Additionally, after Plaintiff complained of unpaid overtime compensation, Defendant PFPCS orally reaffirmed, through its authorized agents, its promise to compensate Plaintiff for any overtime compensation that he was legally entitled to.

89. Although Plaintiff worked overtime on a regular basis, Defendant PFPCS failed in its obligations and promises to properly compensate him for any overtime work at the legal rate of pay.

90. As a result of Defendant PFPCS's breach of contract, Plaintiff has suffered and will suffer those damages and losses set forth herein.

91. As a further result of Defendant PFPCS's breach of contract, Plaintiff is entitled to receive the amount of overtime compensation he is due.

### COUNT V
### UNJUST ENRICHMENT [IN THE ALTERNATIVE]
### PLAINTIFF v. DEFENDANT PFPCS

92. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

93. Plaintiff conferred a benefit on Defendant PFPCS by providing labor and services to Defendant PFPCS on a weekly basis, including, but not limited to, labor and services rendered in excess of Plaintiff regular forty-hour workweek.

94. Defendant PFPCS not only appreciated Plaintiff's benefit, but Defendant PFPCS required Plaintiff to work in excess of his regular forty-hour workweek.

95. Although Defendant PFPCS accepted and retained Plaintiff's overtime work, Defendant failed to compensate Plaintiff for any such work.

96. Thus, it would be inequitable for Defendant PFPCS to retain the benefit of Plaintiff's overtime work without paying the value of the benefit, as mandated under the FLSA and PMWA.

97. Under the doctrine of unjust enrichment, Plaintiff is entitled to receive the amount of overtime compensation he is due, and any other equitable remedy that the Court deems necessary and just.

## **RELIEF SOUGHT**

98. WHEREFORE, Plaintiff respectfully requests that this Court enter an Order providing the following relief:

    A. A declaration, pursuant to the Federal Declaratory Relief Act, that the acts and practices of Defendants complained herein constituted unlawful activity under the FLSA, PMWA and PWPCL;

    B. Defendants, jointly and severally, are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received but-for Defendants' illegal action, including, but not limited to, back and front pay, and prejudgment interest;

    C. Plaintiff is to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

    D. Plaintiff is to be awarded punitive damages for Defendants' illegal actions, as provided under applicable law;

    E. Plaintiff is to be awarded the court costs and expenses of this action and reasonable attorney's fees, as provided under applicable law;

F.  Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems necessary and just.

Respectfully submitted,

**SIDKOFF, PINCUS & GREEN, P.C.**

By: _____
FERNANDO I. RIVERA, ESQUIRE
FRivera@sidkoffpincusgreen.com
COLLEEN S. HECKMAN, ESQUIRE
CHeckman@sidkoffpincusgreen.com
2700 Aramark Tower
1101 Market Street
Philadelphia, PA 19111
Office: (215) 574-0600
Fax: (215) 574-0310

DATED: May 26, 2017

*Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining to any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, time records, emails, payroll reports, employment files, text messages, and any other information, data, documents and/or things, which may be relevant to any claim or defense in this litigation.