**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WAYNE MITCHELL,<br><br>Plaintiff,<br>v.<br><br>PEOPLE FOR PEOPLE CHARTER SCHOOL, INC.; HERBERT H. LUSK, II; ROBERT STRAIN; LINDA CHANDLER; REGINALD LONG; DEBORAH WARE; KEITH BLACKWELL; PRI SEEBARDI; CAROL NATHANIEL; ANDRE C. WILLIAMS; FRANK L. ROBINSON; MACARTHUR VICKERS; and SIDNEY FLORENCE,<br><br>Defendants. | : | CIVIL ACTION NO. 2:17-cv-02416-GJP |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants People for People Charter School, Inc. ("PFPCS"), Herbert H. Lusk, II, Robert Strain, Linda Chandler, Reginald Long, Deborah Ware, Keith Blackwell, Pri Seebadri, Carol Nathaniel, Andre C. Williams, Frank L. Robinson, Macarthur Vickers, and Sidney Florence (collectively referred to as "Defendants"), by their undersigned counsel, hereby respond to the allegations in the Complaint of Wayne Mitchell ("Plaintiff").

**PARTIES**

1. Admitted, upon information and belief.

2. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

3. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

4. Admitted.

5. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

6. Admitted.

7. Denied. Defendants deny that Defendant Lusk was the CEO of PFPCS and chairman of its Board of Trustees. By way of further Answer, Defendant Lusk is the CEO of People for People, Inc., an affiliate of Defendant PFPCS.

8. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

9. Admitted.

10. Denied.

11. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

12. Admitted.

13. Admitted in part; denied in part. Defendants admit that Linda Chandler was a member of PFPCS's Board of Trustees, but deny that she was PFPCS's Secretary.

14. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

15. Admitted in part; denied in part. Defendants admit that Defendant Long is an adult individual, but deny that he is a citizen of Pennsylvania.

16. Denied.

17. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

18. Admitted.

19. Admitted.

20. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

21. Admitted.

22. Admitted.

23. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

24. Admitted in part; denied in part. Defendants admit that Defendant Seebadri is an adult individual but deny that he is a citizen of Pennsylvania.

25. Admitted.

26. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

27. Admitted.

28. Admitted

29. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

30. Admitted.

31. Admitted.

32. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

33. Admitted.

34. Admitted.

35. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

36. Admitted.

37. Admitted.

38. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

39. Admitted.

40. Admitted in part; denied in part. Defendants admit that Mr. Florence was an Operations Manager for Defendant PFPCS. Defendants deny that Mr. Florence was Plaintiff's supervisor "at all relevant times." Defendants admit only that Mr. Florence was Plaintiff's supervisor from July 1, 2016 until the conclusion of Plaintiff's employment with PFPCS on or around February 17, 2017.

41. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

42. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

43. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

44. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## JURISDICTION AND VENUE

45. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

46. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

47. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## FACTUAL BACKGROUND

48. Denied. Plaintiff began working for PFPCS on or around April 1, 2014 and his employment with PFPCS ended on or around February 17, 2017.

49. Admitted.

50. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

51. Admitted in part; denied in part. Defendants admit only that Plaintiff was paid at a rate of $13.00 per hour from March 20, 2014 to May 9, 2015. The remaining averments of this paragraph are denied.

52. Admitted in part; denied in part. Defendants admit only that effective for the pay period commencing on May 11, 2015, Plaintiff was compensated on a salary basis. The remaining averments in this paragraph are denied.

53. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

54. Denied. By way of further Answer, Defendants deny that Plaintiff ceased to be a salaried employee on December 6, 2015.

55. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

63. Denied.

64. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

65. Denied.

**COUNT I – FLSA CLAIM**

66. Defendants incorporate by reference their responses to paragraphs 1 through 65 above as if set forth in full herein.

67. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

68. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

69. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

70. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

71. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

72. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

**COUNT II – PMWA CLAIM**

73. Defendants incorporate by reference their responses to paragraphs 1 through 72 above as if set forth in full herein.

74. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

75. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

76. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

77. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

78. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

79. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

**COUNT III – WPCL CLAIM**

80. Defendants incorporate by reference their responses to paragraphs 1 through 79 above as if set forth in full herein.

81. Denied.

82. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

83. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

84. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

85. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

**COUNT IV – BREACH OF CONTRACT CLAIM**

86. Defendants incorporate by reference their responses to paragraphs 1 through 85 above as if set forth in full herein.

87. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

88. Denied.

89. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

90. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

91. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

**COUNT V – UNJUST ENRICHMENT**

92. Defendants incorporate by reference their responses to paragraphs 1 through 91 above as if set forth in full herein.

93. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

94. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

95. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

96. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

97. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

## RELIEF SOUGHT

98. Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional and affirmative defenses, but do not accept the burden of proof except as required by applicable law.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in part by the FLSA's two-year statute of limitations.

3. Plaintiff has a duty to mitigate his damages.

4. Plaintiff cannot prove facts sufficient to entitle him to punitive damages.

5. Plaintiff cannot prove facts sufficient to entitle him to liquidated damages or attorneys' fees.

6. Without admitting any violation of the FLSA, Defendants acted in good faith at all times and reasonably believed they were not violating the FLSA.

7. No contract of employment ever existed between Plaintiff and PFPCS and therefore Plaintiff cannot succeed on his WPCL claim.

8. If this Court finds that a contract did in fact exist between Plaintiff and PFPCS, PFPCS did not breach said contract and Plaintiff did not suffer any damages under the contract.

9. Some or all individual Defendants named in the Complaint are not an "employer" for purposes of the FLSA, WPCL and/or the PMWA.

10. Plaintiff was paid any and all wages which are not in dispute.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, and that Defendants be awarded costs, interest, attorneys' fees and any other such relief as this Court deems appropriate.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By: /s/ Gaetan J. Alfano
Gaetan J. Alfano, Esquire
Joseph L. Gordon, Esquire
1818 Market St., Suite 3402
Philadelphia, PA 19103

*Attorneys for Defendants*

Dated: September 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2017, I caused a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint to be served upon the following individuals and in the manner indicated below:

**VIA COURT'S ECF SYSTEM**

Fernando I. Rivera, Esquire
Colleen Heckman, Esquire
Sidkoff Pincus & Green Pc
1101 Market St. - Suite 2700
Philadelphia, Pa 19107

*Attorneys for Plaintiff*

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By:/s/ Joseph L. Gordon
GAETAN J. ALFANO, ESQUIRE
JOSEPH L. GORDON, ESQUIRE
Pa. I.D. Nos. 32971 & 209075
1818 Market Street
Philadelphia, PA 19103

*Attorneys for Defendants*